SL 262
49　510

## MILLAUDON *vs.* SYLVESTRE & SON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A partner may sue for and claim the dissolution, liquidation and settlement
of the partnership concerns, and recover whatever sums may be found
due to him on such settlement, at the same time and in the same suit.

Where an account current has been rendered to a party, and received and
entered on his books without objection, he cannot afterwards object to it,
on the ground that it contains overcharges or compound interest.

So, where parties, by the articles of partnership, fix the rate of interest to
be charged by them at six per cent., and a partner renders an account for
advances to the firm, and charges interest at ten per cent., which the
partners having the direction of the firm, receive and enter upon the
partnership books, it is written evidence of their assent to that rate
of interest.

Purchasers of property, who collude with the vendor in the sale of it, with
the view to defraud the true owner, cannot avail themselves of the
omission to record the act of partnership under which the property
is claimed.

EASTERN DIST.
*April*, 1835.

MILLAUDON
*vs.*
SYLVESTRE & SON
ET AL.

This is an action to dissolve a partnership, and procure a liquidation and settlement of its affairs, and to recover the sum that may be found due to the suing partner from the others, and finally to set aside a fraudulent sale and mortgage of certain property belonging to the partnership.

On the 17th February, 1830, L. Millaudon entered into partnership, by act under private signature, with Sylvestre, *père et fils*, to carry on a rum distillery and sugar refinery, in the upper faubourg of New-Orleans, for the term of five years. Millaudon was the owner of the distillery, lots of ground and slaves, which were described in the articles of partnership, and put into the concern at eighty thousand dollars, their estimated value as cash, the one-half of which was sold to Sylvestre and son for forty thousand dollars. After deducting three thousand dollars, the balance of a certain sale from Sylvestre and son, the net capital of Millaudon in the establishment, was thirty-seven thousand dollars, on which the former bound themselves to allow six per cent. interest, until its final reimbursement. This interest was to be paid annually, from the one-half the profits coming to Sylvestre and son, and the excess of these profits, if any, was to be applied to the reimbursement of the capital thus advanced by Millaudon.

On the 3d of January, 1833, the plaintiff instituted this suit, for the dissolution of the partnership, and the final settlement and liquidation of its concerns. The pleadings and other facts of the case are fully stated, and set out in the opinion of the court.

It appears that on the 25th of August, 1832, Sylvestre and son, sold and conveyed to John M. Bach "their undivided half part of all the lot, &c., constituting the distillery and refinery, and implements attached thereto;" also "their undivided half of eight slaves attached to the distillery, and of two other lots; all and singular, the above described property and slaves are the same which the present sellers acquired of Millaudon, by act under private signature, executed on the 17th of February, 1830, recorded in the office of the register of conveyances, on the 21st of February,

EASTERN DIST.
*April,* 1835.

MILLAUDON
*vs.*
SYLVESTRE & SON
ET AL.

1831, and deposited and recorded in the office of Feraud, notary, on the 7th March, 1831."

There is a clause that the sellers retain the possession of this property, and enjoy it rent free, until the 25th February, 1835, when it is to be given up.

The price and amount of this purchase was twenty-seven thousand five hundred dollars, viz: five thousand dollars paid by Bach to the sellers, and twenty-two thousand five hundred dollars by J. Dufour, who intervened in the act, and received a mortgage, as against Bach, for the payment of his notes.

The case, so far as relates to the partnership affairs and the accounts between the plaintiffs and Sylvestre and son, was submitted to auditors, and after some modifications and amendments by the court, their report was confirmed.

The report established a heavy loss of thirty-two thousand eight hundred and thirty-four dollars thirty-six cents, and a debt due to Millaudon, by the partnership, of thirty-seven thousand seven hundred and sixty dollars eighty-four cents.

The district judge came to the conclusion that the amount actually due to the plaintiff was sixty-eight thousand and sixty-seven dollars seventy-seven cents, for which judgment was rendered against Sylvestre and son. The dissolution of the partnership and a sale of the partnership property, was decreed to satisfy the debt and judgment of the plaintiff. The sale and mortgage to Bach and Dufour, was considered collusive and fraudulent, and annulled and cancelled.

All the parties defendant, appealed.

*Soulé,* for the plaintiff, made the following points in argument.

1. The property in dispute was partnership property, and could not be disposed of by any of the parties, without the consent of the other.

2. The property has remained in the possession of the vendor after the sale, and was never delivered to the purchaser.

3. The purchaser knew the existence of the act of partnership, and, therefore, could not be ignorant of the conditions of the sale made by Sylvestre to Millaudon.

*D. Seghers*, for the defendants, Sylvestre and son.

*Mazureau*, for Bach and Dufour.

*Grymes*, for the plaintiff, in conclusion.

EASTERN DIST.
*April*, 1835.

MILLAUDON
*vs.*
SYLVESTRE & SON
ET AL.

*Martin, J.*, delivered the opinion of the court.

The plaintiff states, that in the year 1830, he entered into a partnership with the defendants Sylvestre, father and son, for the purpose of carrying on a rum distillery and sugar refinery, to be conducted under the direction and care of the said Sylvestre and son, who promised and engaged to bestow their unremitted attention thereto ; the plaintiff furnishing the necessary capital and funds. But that the said defendants have absolutely neglected and failed to comply with their said engagement and undertaking, in consequence of which, the partnership concerns have fallen into complete ruin, the buildings have become dilapidated, and much of the other property wasted and destroyed.

The petition concludes with a prayer, that the partnership be declared to be dissolved, its remaining property sold, and its affairs liquidated and closed, and that he may have judgment for the capital and funds which he has advanced, and the moneys due him by the defendants ; and for general relief.

These defendants excepted to the petition: 1st. As cumulating inconsistent demands. 2d. Because it appears by the articles of partnership, annexed to and made a part of the petition, that the period of its duration has not yet elapsed, and until that arrives, or until the dissolution of the partnership be declared by a decree of the court, or otherwise, no member of it can have any action against the others, in relation to the partnership affairs. 3d. Because the plaintiff can have no action except for such a balance as may appear due to him, on a settlement of the affairs of the partnership, and the payment of all the debts due by it.

In a supplemental petition, the plaintiff stated he had lately discovered that the defendants Sylvestre, *père et fils*,

34

EASTERN DIST.
April, 1835.

MILLAUDON
vs.
SYLVESTRE & SON
ET AL.

had clandestinely and collusively sold to J. M. Bach, an undivided moiety of all the property, both moveable and immoveable, of the partnership, with the view of defrauding him, the plaintiff. A writ of sequestration was, therefore, prayed for, to secure and hold the property, until the judgment of the court be pronounced in the case. J. M. Bach, the purchaser, was made a party to the suit, together with Dufour, to whom it is alleged, Bach had mortgaged the immoveable property purchased from the defendants, Sylvestre and son. The plaintiff prays also, that this sale and mortgage be declared null and void, and the property restored to him, or sold for the liquidation of the affairs of the partnership.

To this supplemental petition, Sylvestre and son opposed the several exceptions, which they had already taken to the original petition, and urging further, however : That the revocatory action, which it was the object of the supplemental petition to introduce, could not be cumulated with the general one, which had been instituted in the first instance, to obtain a dissolution, liquidation and settlement of the partnership affairs.

These exceptions were overruled by the court. Sylvestre and son answered, denying the allegations, charging them with misconduct in the management of the business of the partnership concern. They averred, that the plaintiff, being in the possession of all the books and papers of the partnership, they were unable and deprived by that circumstance, from stating its situation or giving any account of its affairs.

Bach and Dufour in their several answers, positively averred the fairness of the purchase and mortgage ; and specially denied that there was any fraud, collusion or clandestine transaction on their part, in relation to them.

The District Court decreed the dissolution of the partnership, between the plaintiff and the defendant Sylvestre and son, and gave judgment in favor of the former, against the latter, for sixty-eight thousand sixty-seven dollars seventy-seven cents ; cancelled the sale to Bach, and the mortgage from him to Dufour, and ordered the property sequestered to be sold, to satisfy the judgment. Bach and Dufour were

condemned to pay all the costs resulting from their being made parties; and Sylvestre and son to pay all the other costs. Sylvestre, *père et fils*, Bach and Dufour, all appealed to this court.

EASTERN DIST.
*April*, 1835.

MILLAUDON
*vs.*
SYLVESTRE & SON
ET AL.

In the argument of the cause, the counsel for Sylvestre and son, contended, that the District Court erred in overruling his exceptions, and ruling his clients to answer and plead to the merits. In support of this position, he has cited the following authorities. *Code of Practice, articles* 152, 419. *Louisiana Code, article* 1217, *et seq.,* 1221, *et seq.,* 1261 *and* 1304. 10 *Martin,* 433. 3 *Martin, N. S.,* 476.

Nothing is sought by the plaintiff, in this suit, as set forth in his petition, but the dissolution of the partnership, the liquidation and settlement of the partnership affairs, and to recover whatever sums of money or property, may appear to be due and coming to him on such a liquidation and settlement, *i. e.* after payment of the partnership debts.

The claim of the plaintiff, to be paid whatever sum might be due to him, could not be urged, before a liquidation and settlement of the partnership concerns; but nothing prevents him from demanding it simultaneously with that of a final settlement; although his recovery of what is due to him, must depend on a sufficiency being left after the liquidation of the partnership.

*A partner may sue for and claim the dissolution, liquidation and settlement of the partnership concerns, and recover whatever sums may be found due to him on such settlement, at the time and in the same suit.*

On the merits of the case, the counsel for Sylvestre and son, contends, that the District Court erred in overruling his 3d, 5th, 8th and 9th objections to the report of the auditors, to whom the partnership accounts had been referred for adjustment.

The 3d objection was made on an allegation that compound interest was allowed on the balance of thirty-seven thousand dollars.

This objection, we are of opinion, was correctly overruled. The plaintiff appears to have made up his account current with the partnership, in which interest is charged, and presented it to the firm, and this account with the items of interest, now deemed objectionable, were transcribed into the partnership books kept by Sylvester and son, which were

*Where an account current has been rendered to a party, and received and entered on his books without objection, he cannot afterwards object to it, on the ground that it contains overcharges or compound interest.*

MILLAUDON
vs.
SYLVESTRE & SON
ET AL.

So, where parties, by the articles of partnership, fix the rate of interest to be charged by them at six per cent., and a partner renders an account for advances to the firm, and charges interest at ten per cent., which the partners having the direction of the firm, receive and enter upon the partnership books, it is written evidence of their assent to that rate of interest.

always under their direction and control, and signed by them in several places.

The 5th objection was made to a charge of interest, at ten per cent., whilst, by the articles of partnership, the rate of interest is fixed at six per cent.

This objection was overruled on the same ground as the preceding ; it appearing that the item of interest, charged at ten per cent., was entered by Sylvestre and son on the partnership books, which is written evidence of his assent to that rate of interest.

The 8th objection was made and overruled on the same ground, and for the same reasons.

The 9th objection was made to a charge of interest, on an item up to December 1, 1833 ; while the defendants urge, interest should have ceased at the inception of the present suit, on the 3d January, 1833.

The interest is in fact, only calculated to the 10th January, 1833, and the debts and credits, on items other than the one objected to, are properly carried on with the interest thereon to the time of making up the account.

The attention of the court has been drawn to a manifest error of calculation. The balance reported by the auditors appears to be seventy-seven thousand two hundred and fifty-one dollars sixty cents. The district judge, sustained the claim of the defendant to a deduction of one hundred and thirty dollars, on their first objection ; of two hundred and seventy dollars, in their fourth ; and of ten thousand forty-one dollars fifty-nine cents, on their tenth objection. All these sums deducted from the balance, reported by the auditors to be due, leaves the sum of sixty-six thousand eight hundred and ten dollars. The sum allowed by the District Court, of sixty-eight thousand sixty-seven dollars seventy-seven cents, being an excess over the true balance as stated above, must be reduced to that sum ; and the charges of the plaintiff against the defendants Sylvestre and son, are in the opinion of the court, fully established by the evidence to the amount before stated, to wit, to the sum of sixty-six thousand eight hundred and ten dollars, for which he is entitled to judgment.

The district judge was satisfied from the evidence in the record that all the parties to the act of sale, (under which Bach claims the property under sequestration, and Dufour a mortgage on it, as subrogated to the rights of the vendors, Sylvestre and son,) were engaged in a fraudulent transaction, the object of which was to defraud the plaintiff. A close examination of the evidence has made the same impression on the mind of this court.

EASTERN DIST.
April, 1835.

MILLAUDON
vs.
SYLVESTRE & SON
ET AL.

Under these circumstances we have come to the same conclusion with the District Court, that neither Bach nor Dufour can be permitted to avail himself of the neglect of the plaintiff, to cause his act or articles of partnership, between him and Sylvestre and son, to be recorded. From all that appears, it is evident they colluded with Sylvester and son, in the sale and purchase of this property.

In order to correct a clerical error which has crept into the calculations, in the judgment of the District Court, the judgment must be set aside.

Purchasers of property who collude with the vendor in the sale of it, with the view to defraud the true owner, cannot avail themselves of the omission to record the act of partnership, under which the property is claimed.

It is, therefore, ordered, adjudged and decreed, that the judgment rendered in this case in the first instance, be annulled, avoided and reversed; and this court, proceeding to pronounce such a judgment as in our opinion ought to have been given below, it is ordered, adjudged and decreed that the partnership entered into by the plaintiff and the defendants, Sylvestre and son, on the 17th of February 1830, be dissolved; and that the plaintiff recover from the latter, the sum of sixty-six thousand eight hundred and ten dollars with costs of suit; that all the property mentioned and described in the articles of partnership, and which has been sequestered in this suit, be sold to satisfy this debt and judgment, and that it be sold *in block* as incapable of division, viz : the land, buildings, dwelling, refining and distilling utensils by themselves, and the slaves by heads; that the act of sale by Louis Sylvestre and Jean Louis Sylvestre to John M. Bach, passed before Carlisle Pollock, notary public, ont he 25th of August 1832, be held null and void; and that the mortgage thereon stipulated in favor of Jean Dufour on said property be

cancelled and annulled; and that the said John M. Bach and Jean Dufour pay the costs which have been incurred, by making them parties to these proceedings. And it is further ordered, that the costs of the appeal be borne by the appellee, so far, as they concern the defendants Sylvestre and son.