### WILLIAM F. SMITH *v.* LAMBETH's EXECUTOR et al.

The commission allowed an executor does not constitute such an interest as disqualifies him from testifying on behalf of the estate which he represents.

Parol evidence is admissible to establish simulation in a title to slaves.

A party claiming title to property under a Sheriff's sale is permitted to introduce in evidence the record of the suit in which the *fi. fa.* issued, and in which the Sheriff's sale to such party took place; and the fact, that the Sheriff's sale was not followed by registry, is not sufficient reason to exclude the record.

Where a party brought suit to recover slaves, claimed to have been purchased by the defendant at Sheriff's sale, from the same vendor under whom plaintiff claimed title, and plaintiff offered to prove the verbal statements of the defendant, showing that he (the defendant) had purchased these slaves for the contingent benefit of the seized debtor's wife and children, or of the debtor himself—*Held :* That, as the introduction of such testimony would be an attempt to establish title to slaves by parol, and would also be foreign to the issue in the cause, it is, therefore, inadmissible.

Where notice of title has been directly brought home to a party, it supplies the place of registry of that title; and although this knowledge has not been directly brought home to such party, it may be inferred from the circumstances of the case.

APPEAL from the District Court of the Parish of Avoyelles, *Cullum, J.* *Hyman & Cazabat* and *Barlow & Waddill,* for plaintiff and appellant. *Cannon & Irion* and *Manning,* for defendant.

BUCHANAN, J. The plaintiff claims eight slaves in the possession of defendants, as his property, by virtue of a sale from *Paul G. McNeely* to him, of date the 2d day of October, 1858.

The answer of defendant, *Pitts,* acknowledges that he is in possession of the slaves claimed, as testamentary executor of *Wm. M. Lambeth,* deceased; and pleads that said slaves belong to the succession of said *Lambeth,* by virtue of a purchase made by said *Lambeth* at Sheriff's sale, in execution of various judgments against *Paul G. McNeely,* on the 4th day of August, 1849.

The plaintiff relies upon the want of registry of this Sheriff's sale. It appears that *Lambeth* paid the price of adjudication, and took a deed from the Sheriff, but that he neglected to have said deed recorded.

It is argued for defendants, that the plaintiff had knowledge of the previous forced alienation of *McNeely's* property in the said slaves at the time he, plaintiff, purchased; and that such knowledge dispenses with registry of *Lambeth's* title, so far as plaintiff is concerned.

It is further pleaded by defendant, in an amended answer, that plaintiff's title is a simulation, and solely intended to give him an apparent right to institute this action:

On the trial of these issues, the plaintiff and appellant took the following bills of exceptions to rulings of the court :

1. The testamentary executor was put upon the stand as a witness, and his competency was objected to, on the ground of interest. It has been repeatedly ruled, that the commission allowed an executor does not constitute such an interest as disqualifies him from testifying on behalf of the estate which he represents.

2. It was further objected to this witness, and to two other witnesses for defendants, that parol evidence was inadmissible to vary or contradict a written instrument.

There is nothing in this objection. The witnesses *Tanner* and *Robert* testified as to the simulation of plaintiff's title.

3. Plaintiff objected to the introduction of the records of the suits against *McNeely*, in which the *fi. fas.* issued, and in which the sale by the Sheriff to *Lambeth* took place.

The ground of this objection seems to be, that the Sheriff's sale was not followed by registry. That is no reason for excluding the records. They were good proof as far as they went.

4. Plaintiff offered to prove verbal statements by *Lambeth*, showing that he, *Lambeth*, had purchased these slaves for the contingent benefit of *McNeely's* wife and children, or of *McNeely himself*. This testimony seems to have been properly excluded on two grounds : 1st, that it was an attempt to establish a title to slaves by parol; and 2d, because it was foreign to the issue in this cause.

Upon the evidence, we agree with the District Judge that plaintiff has failed to establish a title to the slaves claimed by him. Notice of *Lambeth's* title has not been directly brought home to plaintiff; which, under the decision in *Swan* v. *Moore*, 14 An., would have supplied the place of registry of that title. But there is strong reason to infer knowledge of the Sheriff's sale on the part of plaintiff, from the circumstances attending the sale from *McNeely* to plaintiff, as disclosed in the record. It is made apparent, that that sale was a simulation; that it was understood between the parties, that *Neely* was to have the slaves, when recovered in this action; and that the plaintiff, as compensation for his trouble, was to have the hire of the slaves which might be recovered of *Lambeth's* estate. It is difficult to suppose a reason for the anxiety of the parties to this arrangement, to put the apparent title of the slaves out of *McNeely* and in plaintiff, unless it was intended to take advantage of the want of registry of the Sheriff's deed to *Lambeth*, which necessarily would imply a knowledge of that deed in the parties to the arrangement. At all events, it is certain that *McNeely* knew of the Sheriff's sale in question; and, under the peculiar circumstances just alluded to, *McNeely's* knowledge may be viewed as the knowledge of plaintiff. *Millaudon* v. *Sylvestre*, 8 La. 262.

Smith
v.
Lambeth.

*Lambeth* is proved to have given and signed a paper in the nature of a counter-letter, which possibly may be advantageous to the wife and children of *McNeely*, in connection with these slaves. But this plaintiff has no quality to represent those parties, who are not before us.

Judgment affirmed, with costs.