O’NIELL, J.
The plaintiff and defendant both claim to have acquired from R. C. Culpepper the pine timber on a tract of land containing 120 acres in the parish of Jackson, described as N. % and S. W. % of N. W. % of section 36 in township 16 N., range 2 W.
Alleging that the defendant was threatening to cut and remove the timber, the plaintiff obtained a writ of injunction to prevent this. In answer to this injunction suit, the defendant set up its title to the timber. The case went to trial on this issue, and judgment was rendered in the district court, recognizing, the defendant to be the owner of the timber, and dissolving the plaintiff’s writ of injunction. On appeal the judgment was affirmed by the Court of Appeal of the Second Circuit, a:pd the ease is before us on a writ of review issued at the instance of the plaintiff.
The plaintiff’s title is founded upon an act of sale by R. C. Culpepper to the Southern Investment Company, dated the 4th of January, 1910, recorded in the conveyance records of the parish of Jackson on the 19th of March, 1910. The purchase price was $500 paid in cash, the receipt of which was acknowledged in the deed.
In the statement of facts upon which this case was tried we find this admission;
“It is admitted that the Tremont Lumber Company acquired by purchase from the Southern Development Company whatever rights the Southern Development Company acquired in the timber in controversy from R. C. Culpepper in deed to be filed in evidence and marked ‘Plaintiff 1,’ and that the stockholders of the Tremont Lumber Company and the Southern Development Company are practically, if not wholly, the same.”
The deed from R. C. Culpepper, dated the 4th of January, 1910, marked “Plaintiff 1,” is *424 made to the Southern Investment Company, which is referred to in the admission as the Southern Development Company. In this latter deed appears this clause:
“And the said grantor hereby releases said Southern Investment Company, its successors and assigns, from any and all claims for damages arising out of its entry upon, and' removal from, said premises of the_ timber hereby conveyed and for the construction and maintenance of any railroads, branches, sidings, connections, and spurs upon the said perpetual right of way herein conveyed, except as affected by timber contract .given the Haynes Lbr. Co., Ltd., July 1, 1909.”
This clause is all printed in the deed, with the exception of, “except as affected by timber contract given the Haynes Lbr. Co., Ltd., July 1, 1909,” which is written with a pen.
The deed from R. C. Culpepper to the Haynes Lumber Company, Limited, dated the 1st of July, 1909, was recorded on the 1st of October, 1909, in the conveyance records of the parish of Jackson. It is signed by R. C. Culpepper and two witnesses, but not by the grantee, and it contains a description of the same subdivisions of section 26 as are described in the plaintiff’s deed to the timber on section 36. The decision of this case therefore depends upon the effect to be given to this deed, describing the timber on section 26, upon the plaintiff’s title to the timber on section 36.
The instrument upon which the defendant relies bears the title “Timber Sale Contract,” and is as follows, viz.:
“State of Louisiana, Parish of Jackson.
“This contract and agreement entered into on this 1st day of July, A. D. 1909, by and between R. C. Culpepper, party of the first part, and Haynes Lumber Company, Limited, party of the second part.
“Witnesseth: That the party of the first part, being the sole owner of the following described lands situated in the parish of Jackson, state of Louisiana, to wit, N. % of N. W. % and S. W. % of N. W. % of sec. 26, Tp. 16 N., R. 2 W. known as the T. N. Dickerson tract, and 80 acres bought of John Adams, containing 200 acres, more or less, has granted and sold, and does by these presents sell and convey and transfer, unto the said second party all of the merchantable pine timber growing, standing, or being on the said land, for the price and sum of one dollar per thousand feet, payable each month for the amount cut on the regular pay days.
“That, for the purpose of felling, cutting, and removing said timber, the party of the second part shall have possession of said land, with the right to construct roads,' except cultivated lands, and to have the use of same with free ingress and egress for employes, teams, vehicles, into, upon and through same.
“The party of the second part shall, within 6 months begin erecting a sawmill adjacent or upon this property for the purpose of milling this timber, or this contract shall become null and void.
“The party of the second part shall have a period of 5 years to remove said timber from date hereof.
“Done and signed in the presence of the undersigned witnesses on the day and year above written.”
The defendant contends that it was the intention of the grantor, in the foregoing instrument, to convey to the grantee the timber on section 36, and that the number “26” was an error. We will assume that this is true, in deciding what effect the recorded instrument had upon the title of the Southern Investment Company. And we will also assume that the plaintiff acquired whatever title the Southern Investment Company had acquired from R. C. Culpepper to the timber on the N. % and S. W. U of N. W. % of section 36, as is admitted in the statement of facts.
The defendant contends — and the decision of the district court and of the Court of Appeal sustained this contention — that the clause in the subsequent sale by R. C. Culpepper, to the effect that the grantor released the grantee from any claim for damages, “except as affected by timber contract given the Haynes Lbr. Co., Ltd., July 1, 1909,” amounted to an acknowledgment on the part of the grantee that the instrument of that date, purporting to be a sale of the timber on section 26, was intended to be a sale of the timber on section 36. That construction, however, writes into the clause much more than the parties said, and gives it a very *426 different meaning. All that the parties said, in the sale dated the 4th of January, 1910, with reference to a contract given to the Haynes Lumber Company on July 1, 1909, was that the grantor, in the deed dated the 4th of January, 1910, did not release the grantee from any damages in so far as the title conveyed was “affected by timber contract given the Ha'ynes Lumber Co., Ltd., July 1, 1909.” As a matter of fact, plaintiff’s title to the timber on section 36 is not in any manner affected by the timber contract given the Haynes Lumber Company July 1; 1909, describing the timber on section 26.
The learned counsel for the defendant- say, in their brief, that notice of the transfer of real estate may be given to third parties otherwise than by registry of the transfer, and that it may even be inferred from circumstances. In support of this, they refer to three eases decided by this court. In. the first case cited (Smith v. Lambeth’s Executor, 15 La. Ann. 566) it was decided that .the pretended subsequent sale was a mere simulation, and that the vendor was attempting to perpetrate a fraud by taking advantage of his vendee’s failure to record his deed. In the present case there is no contention that the sale by R. C. Culpepper to the Southern Investment Company was not genuine, or that Mr. Culpepper has any interest in this suit. In the second case cited (Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 South. 131) the defendant, in a supplemental answer, conceded that he had no title to the land claimed by the plaintiffs, and, pleading good faith, claimed only the right to be reimbursed for the amount spent by him for improvements and taxes on the land of the plaintiffs. In the third case cited (Rabb v. Pillot, 52 La. Ann. 1534, 28 South. 120) the property in contest was movable — in fact, it was a race horse — which the plaintiff had bought, and which the defendant seized under a writ of attachment on the same day as the property of the vendor. The parties then entered into a written compromise, by which, for a certain consideration, Pillot released his seizure. Thereafter, in the absence of Rabb, Pillot again ‘had the horse seized and sold, and purchased it at the public sale. This court only decided, in the suit of Rabb v. Pillot, that the defendant had violated his compromise agreement. There is nothing in any of the eases cited to sustain the proposition that circumstances indicating knowledge of a transfer of real estate on the part of a third party shall supply the want of registry of the transfer.
Whatever may have been said prior to the adoption of article 2266, R. C. C., it is. now settled, that the only effective methodl of giving notice to third parties of the transfer of real estate is by the recording of the deed. The circumstances relied upon by the defendant in the present case are not sufficient to justify the conclusion that the plaintiff was not a bona fide purchaser of the timber on section 36.
The sale of standing timber, though made with a view to its separation from the land, is governed by the same laws which govern the sale of lands.
The plaintiff contends that the instrument dated the 1st of July, 1909, purporting to be a contract to sell immovable property, is not a valid contract, because: (1) It was not signed or accepted by the grantee; (2) there was no consideration paid or given; and. (3) the instrument does not contain any obligation on the part of the grantee which could be enforced by the grantor as a consideration for what was promised by him. R. C. C. 1768. We are referred to several decisions, of this court regarding similar instruments. But, since we have concluded that the plaintiff’s title to the timber on section 36 is not. affected by the instrument purporting to be a contract to sell the timber on section 26, the’ plaintiff has no interest in the question of *428 validity or invalidity of the last-mentioned contract. That is a matter between the present defendant and R. C. Culpepper, who is not a party to this suit.
For the reasons assigned, the judgment of the district court, affirmed by the Court of Appeal, is annulled, avoided, and reversed; and it is now adjudged and decreed that the writ of injunction issued at the instance of the plaintiff be, and it is hereby, made perpetual. The defendant is to pay all costs.