HUGHES, VALETTE & CO. *v.* WALDO & HUGHES.

Where a party purchases an interest in a commercial house, entitling him " to an equal undivided one-third interest and ownership, and to all stock of merchandize, bills receivable, and debts in book accounts on hand, due or owing to the firm on a given day, (over and above the payment of the liabilities of said firm,") he is responsible for the debts of the house existing at the time of purchase. C. C. 2782.

The phrase " over and above their liabilities " does not exclude responsibility from those liabilities.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Durant & Hornor,* for plaintiff and appellee. *Collens & Woolridge,* for *Fassman* and appellant. *Geo. L. Bright,* for *R. L. Hughes.*

BUCHANAN, J. By notarial act dated September 1st, 1856, *Henry Fassman,* for the benefit of his minor son, who, says the act, " has been acting in the capacity of clerk in the hardware and ship chandlery store of *Waldo & Hughes,* and assisted in taking an account of stock on the 1st day of July, 1856, and being acquainted with the general business and affairs of the said firm, and is consequently fully aware of the amounts of goods, moneys, bills receivable and book accounts belonging to the capital stock of the said firm, as well as with their liabilities," paid into the capital stock of the firm of *Waldo & Hughes,* the sum of six thousand dollars, and agrees to take upon himself all the legal responsibilities of a member during the minority of the said *Frank Fassman.*"—" It being well understood and agreed between the said *Charles H. Waldo, Robert L. Hughes,* and *Henry Fassman,* that payment and receipt of the six thousand dollars, as aforesaid, into the capital stock of the firm hereinafter instituted, shall entitle the said *Henry Fassman* to an equal undivided one-third interest and ownership in and to all stock of merchandise, bills receivable, and debts in book accounts on hand, due or owing to the said firm of *Waldo & Hughes,* under the provisions of their said act of copartnership, on and from the first day of July, 1856, (over and above the payment of the liabilities of the said firm)."

The parties to the said notarial act, *Charles H. Waldo, Robert L. Hughes,* and *Henry Fassman,* then proceed to establish themselves partners in the general hardware and shipchandlery business, under the firm of *Waldo & Hughes,* for the term of three years, beginning the first of July, 1856, and ending the first of July, 1859.

The indebtedness of the firm of *Waldo & Hughes* to *Morgan R. Hughes,* assigned to plaintiffs, arose from a loan of money by the latter to the former, on the 24th of June, 1856, and the account of *Morgan R. Hughes,* on the books of *Waldo & Hughes,* was balanced on the 1st of July, 1856, the balance to credit of *Morgan R. Hughes,* on that day, being exactly the amount of said loan.

The only question in this case for our decision is, whether *Henry Fassman* is liable for this balance.

It is contended by the counsel of defendants, that the engagements of *Fassman* in the contract recited above, were entirely prospective, and contemplated a liquidation of the affairs of the old firm, and an investment of the *nett* proceeds of the old concern, as the share of *Waldo & Hughes* in the new one; that the terms of the contract do not imply an assumption, on the part of *Fassman,* of the liabilities of the old firm. This argument seems to be founded upon the somewhat ambiguous phrase " over and above the payment of the liabilities of the said firm."

But we are unable to understand that phrase as exempting *Fassman* from a share in those liabilities. The contract is certainly retrospective in its operation. It bears date the 1st September, 1856, but takes effect two months earlier, namely, the 1st of July. The preamble informs us, that a general balance has been struck on the 1st of July; that the accounts of the firm are well known to *Fassman;* and that, from the same date, he has an equal interest with the other contracting parties, in the balances of accounts due the firm, as well as in all their other assets. The phrase " over and above their liabilities," does not exclude responsibility for those liabilities. It rather seems to recognize the anticipation of profits to result from the partnersnip, which, says Art. 2782 of the Code, is of the essence of this contract; and to guard against the very pretension that is now urged on behalf of *Fassman*, to divide those profits, without a deduction of outstanding liabilities.

It was clearly intended, that the contracting parties should enter into the partnership upon a footing of perfect equality; but it would disturb that equality, and would give to *Fassman* a manifest advantage over his copartners, to say that he is entitled to a share in balances of book accounts of the firm, when those balances are to the credit of the firm, and that he has no interest in those balances that are to its debit. This would be unfair, not only to the other partners, but to the creditors of the firm. For the property of the firm is the common pledge of its creditors; and this construction of the contract under consideration withdraws one-third of that pledge from their reach.

We do not consider this a case for damages, as prayed for by appellees.

Judgment affirmed, with costs.