No. 2637

Second Circuit

---

DEVOE AND RAYNOLDS COMPANY INC., v. JONES' PHARMACY ET AL.

---

(Dec. 11, 1926. Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Laws—Par. 68, 69, 70. The "bulk purchase" law (Act 114 of 1912) does not bind a purchaser in violation of that act in solido with the seller for the latter's debts to the value of the goods sold, but only binds him as a receiver of the goods that came into his possession by such sale for the benefit of the creditors of the seller. Sec. 6 Act 114 of 1912.

Keiffer Bros. Co. vs. Weaver, Ni. 956, Court of Appeal, Second Circuit, Jan. 20, 1922. (Not reported.)

Appeal from the Fifth Judicial District Court of Louisiana, parish of Richland. Hon. John R. McIntosh, Judge.

Action by Devoe and Raynolds Company, Inc., against Jones' Pharmacy, and the Guenard-Lucas-Almond Drug Company, Inc.

There was judgment for plaintiff and the Guenard-Lucas-Almond Drug Co., Inc., appealed.

Judgment reversed.

Tobin R. Hodge, of Rayville, attorney for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sued C. C. Jones, doing business under the trade name of Jones' Pharmacy, and Guenard-Lucas-Almond Drug Company, Incorporated, and prayed for judgment against them in solido for $201.99 for goods sold by the plaintiff to C. C. Jones.

It alleged that Guenard-Lucas-Almond Drug Company, Incorporated, was liable to it in solido with C. C. Jones for the amount because it had bought from its co-defendant his stock of merchandise in bulk without previously complying with the provisions of Act 114 of 1912.

C. C. Jones filed an exception to the jurisdiction of the court rationae personae and it was sustained and no appeal has been taken from that ruling.

Guenard-Lucas-Almond Drug Company, Incorporated, filed an exception of no cause of action. This exception was over-ruled and judgment rendered against it in favor of plaintiff for the amount owing to plaintiff by C. C. Jones. From this judgment Guenard-Lucas-Almond Drug Company, Incorporated, appealed.

### OPINION.

The sole question presented for deter-mination in this case is whether Guenard-Lucas-Almond Drug Company, Incorpo-rated's, exception of no cause of action should have been sustained.

Plaintiff alleged that that company is liable for the debt owing by C. C. Jones to it solely because it bought his stock of merchandise in bulk without having complied with the requirements of Act 114 of 1912.

That act does not make a purchaser of a stock of merchandise in bulk in violation of its provisions liable in solido with the seller to his creditors for his debts but only liable as receiver of the property and as such accountable to the creditors of the seller for the value of the goods so re-ceived.

In support of his position plaintiff's counsel contends that—

"Some two or three years back the Court of Appeal in a case appealed from Cald-well parish held that the purchaser and the seller were liable in solido for the debts of the seller where the bulk sales law had not been complied with. I do not happen to have a copy of that deci-sion nor the style of it at this time."

We have examined the decision referred to, namely: Keiffer Bros. Co. vs. J. A. Weaver, No. 956, on the docket of this court, decided January 20, 1922, and not reported, and quote therefrom as follows:

"The Supreme Court has never passed upon the above Act so far as the point here presented is involved, and it be-comes necessary for this court to inter-pret it for the first time. It is contended on behalf of the defendant that the pur-pose of the Act was, in addition to making the sale of goods under certain circum-stances a criminal offense, to afford credi-tors an additional remedy by which they could pursue a certain designated class of property of a defaulting debtor into the hands of third persons, and subject that property to the payment of their claims.

\* \* \*

"We think it was the purpose of the legislature to make the sale of a stock of merchandise in bulk, except upon the conditions stated in the act, dangerous and hence unpopular, and the means adopted were, first, to make such a sale a crime. It was probably foreseen that in many instances it would be difficult to secure prosecutions against the seller, and, as an additional means to the end in view, it was provided that the purchaser should; in the event of his failure to comply with the provisions of the law applicable to him, become the representative of the seller and liable to the creditors of his vendor to the extent of the value of the goods.

"If he is to be regarded as a receiver in the sense in which that word is used in regular insolvency proceedings (which we think was evidently the purpose of the law maker) then there is no reason for requiring the debtor to be made a party to the action expressly given by the statute.

"No injury can be done to any one. The plaintiff, of course, would have to prove the account, just as if the suit was against

his original debtor, and all of the defenses available to the original debtor can, and doubtless will, be made by the defendants here.

"We do not think that a personal judgment can be rendered against the defendant beyond the value of the goods, or in other words, beyond the plain provisions of the statute."

In view of this decision and the plain terms of the act in question we do not think Guenard-Lucas-Almond Drug Company, Incorporated, is liable in solido with C. C. Jones for the amount of the latter's debt to plaintiff.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, that Guenard-Lucas-Almond Drug Company, Incorporated's, exception of no cause of action be sustained and plaintiff's suit as to it dismissed. Plaintiff to pay all costs.