No. 695

First Circuit

GENERAL TIRE & RUBBER CO. v. BULLOCK ET AL.

(October 8, 1930. Opinion and Decree.)

A. J. Finney, of Covington, attorney for plaintiff, appellant.

S. W. Provensal, of Slidell, attorney for defendants, appellees.

MOUTON, J. Plaintiff sold a lot of merchandise to Donice Bullock, proprietor of a garage in Covington, La., amounting to $462.81. He paid $36.46 on account, leaving a balance of $426.35.

It is alleged by plaintiff that Emile Caserta and Collins Blanchard bought from Donice Bullock the fixtures, tools, furniture, equipment, etc., of his garage, without requiring him to furnish them with a sworn statement listing the names, amounts, and addresses of all his creditors before they made the purchase. On account of the alleged failure of the transferor and the vendees to comply with the foregoing requirement, plaintiff avers that the sale was made in violation of Act No. 270 of 1926, known as the Bulk Sales Law of this state.

Because of the non-compliance by Bullock, Caserta, and Blanchard with these essentials of the statute, plaintiff alleges that Donice Bullock, vendor, and his vendees, are jointly and solidarily liable to it for the balance of the account sued upon.

Donice Bullock, vendor, made no defense, and judgment was rendered against him for the amount claimed. Caserta and Blanchard filed an exception of no cause of action, which was referred to the merits. After trial on the merits, judgment was rendered in favor of Caserta and Blanchard rejecting plaintiff's demand.

It does not appear in the averments of the petition that Caserta and Blanchard by operation of law, or by any alleged fact or facts, had incurred any obligation, jointly or in solido, in favor of the plaintiff. It is not alleged, nor can it be inferred from these averments that there was any privity of contract between plaintiff, Bullock, Caserta, and Blanchard, the vendees of Bullock. No contractual obligation could therefore arise in favor of plaintiff, the creditor of Bullock, vendor of Caserta and Blanchard, as was well said by the court in Rosenberg & Sons v. Waguespack, 167 La. 451, 119 So. 423, in which practically similar issues were involved. In the total absence of such contractual relations arising from the allegations of the plaintiff, and with no averment of facts from which a joint or solidary obligation could be inferred, plaintiff has no cause of action to hold Caserta and Blanchard, either jointly or in solido with Bullock, their vendor, as prayed for.

The only right of action plaintiff can have against these two defendants is to have them account for the value of the goods transferred to them under the provisions of the Bulk Sales Law, subject, however to any defenses to which defendants may be entitled. Devoe and Raynolds Co. v. Jones Pharmacy, 5 La. App. 149; Armour & Co., Limited, v. Wise & McCalpin et al., 1 La. App. page 202. The exception of no cause of action should have been maintained.

It is therefore ordered, adjudged, and decreed that the judgment be reversed, except as against Donice Bullock, that the exception of no cause of action be and is hereby maintained, and the suit of plaintiff be dismissed at its cost.