No. 885

First Circuit

MANCHESTER SILVER CO. v. CLARA JEWELRY CO., INC.

(December 8, 1931. Opinion and Decree.)
(February 8, 1932. Rehearing Refused.)

Laycock & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Breazeale & Sachse, of Baton Rouge, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff alleges in its petition that it is the holder and owner, for value, of six promissory notes, dated New Orleans, La., March 8, 1931, drawn in its favor by Wasserman Bros., five of the six being for the sum of $55.20 each, and the sixth for the sum of $55.22; that the said notes were given in representation of the purchase price of certain merchandise which it sold to Wasserman Bros., who were engaged in the jewelry business in Baton Rouge where the goods were delivered to them. It alleges further on information and belief that during the course of the past year Wasserman Bros. transferred its entire stock of merchandise and fixtures located in its Baton Rouge store to the Clara Jewelry Company, Inc., without complying with the provisions of Act 270 of 1926, commonly referred to as the Bulk Sales Law in this state, and that, as the stock of goods taken over is worth more than the amount due all creditors of Wasserman Bros., Clara Jewelry Company, Inc., is indebted unto plaintiff for

the obligation of Wasserman Bros. to it. Wasserman Bros. is not made a party to plaintiff's suit, but its rights against that firm and the individual members thereof are especially reserved. The prayer of the petition is for judgment against the Clara Jewelry Company, Inc., for the full amount of the notes sued on, including certain protest fees which plaintiff claims to have been obliged to pay.

It seems clear that the demand against the defendant, Clara Jewelry Company, Inc., is predicated upon its alleged failure to have complied with the provisions of the Bulk Sales Act. The allegations and prayer of the petition justify no other conclusion.

The defendant in its answer admits the transfer of the Baton Rouge store of Wasserman Bros. to it, and that there was no attempt made to comply with the provisions of Act 270 of 1926. It admits further that it probably has sufficient assets on hand with which to pay the indebtedness sued on, but denies that it had any knowledge of same, and specifically denies any liability on its part therefor.

After evidence had been taken, and the case continued for argument, counsel for defendant filed an exception of no cause or right of action which the trial judge does not seem to have passed on; his judgment being one rejecting the plaintiff's demands and dismissing its suit. From that judgment, a devolutive appeal was taken.

If the defendant's liability is to be measured by the terms of the Bulk Sales Law, Act 270 of 1926, as it appears from the pleadings that it has to be, it would seem that its exception of no cause or right of action was well taken.

The liability of the transferee in a sale of merchandise in bulk, is fixed by section 3, and nowhere in the act do we find that he is made a joint or solidary obligor with his vendor in favor of the latter's creditors. Neither has he any contractual relation with these creditors under which he can be held responsible in a personal judgment in favor of any of them. The language of section 3 of the act is unequivocal, and makes him liable "at the suit of any creditor * * * to all the creditors of the said transferor as receiver for the fair value of all the property so transferred to him." The remedy which his transferor's creditor has against him, therefore, is, not to endeavor to obtain a personal judgment against him for the amount of his indebtedness, as has been done by the plaintiff creditor in this case, but to have him cited into court as one who has received goods out of the usual course of business, and have him account for the fair value of same, subject, of course, to any defense that he may validly urge. This same question was passed on by this court in the case of General Tire & Rubber Co. v. Bullock et al., 14 La. App. 522, 130 So. 136, and we find no reason to change our views and the decision of that case.

That counsel for plaintiff herein appreciated the force of that decision, in which, after all, we were only following what we construed to be the interpretation of the statute by the Supreme Court in the case of Rosenberg & Sons v. Waguespack, 167 La. 451, 119 So. 423, appears from his act in having placed of record, before the trial of the case, a declaration to the effect that he was not asking a personal judgment against the defendant beyond the value of the stock which it had taken over from Wasserman Bros. That declaration, he contends, brings his demand within the terms of the act. But a plaintiff cannot, by a mere declaration such as was placed on record after this case had been called

for trial, change the nature of his demand. After issue has been joined, he cannot, even by an amended petition, alter its substance "by making it different from the one originally brought." C. P., art. 419.

Counsel for plaintiff contends further that under that allegation of the petition to the effect that the stock of goods taken over by the defendant is worth more than the amount due all creditors of Wasserman Bros., and the admission which he says defendant makes thereto, the demand may be considered as coming within the provisions of the statute. Defendant simply admits that it probably has sufficient assets with which "to pay the indebtedness herein sued for," and specifically denies everything else. The indebtedness sued for, of course, is that due by Wasserman Bros. to the plaintiff only, and does not take into consideration at all the indebtedness due any of the other creditors.

Finally, counsel contends that, under the evidence admitted without objection, the pleadings have been enlarged so as to entitle plaintiff to relief and bring the defendant's liability within the provisions of section 3 of the statute. Conceding that plaintiff is correct in his statement that, by the evidence submitted without objection, the pleadings have been broadened, we still have to bear in mind that, under the section referred to, the suit of any creditor against the transferee is for the benefit of all the creditors, to whom he is liable only "as receiver for the fair value of all the property transferred to him." As far as the record which is before us goes, there is nothing to show who, besides the plaintiff, are the creditors of the transferor, what all the property transferred consisted of, no way in which its fair value can be fixed and the proportional rights of all the creditors can be established. The evidence submitted, therefore, has not

added or supplied anything to the pleadings, and, even after giving it consideration, we fail to find that plaintiff has made out a case under the bulk sales statute.

The trial court properly rejected the demand as presented, and dismissed plaintiff's suit.