Plaintiff sued the partnership of Hamilton and Horn Motor Company on open account and joined as defendants the Greene Radio Shop and its component members, against whom judgment is sought on the ground that this company allegedly bought and took possession of the assets of the first named partnership without complying with the requirements of the Bulk Sales Law. Act No. 270 of 1926.
The facts of the case are in the main not in serious dispute. Leroy Horn and Leo Hamilton, residents of the City of Natchitoches, Louisiana, composed the partnership of Hamilton and Horn Motor Company, that owned and operated a garage business and car sales agency in said city for some time prior to the dates of the sales of merchandise that make up the account on which this suit is based. These copartners owned the building and lot in and on which the partnership business was conducted.
On February 16, 1946, Horn sold and conveyed to Hamilton for $2,500 cash his interest in the entire assets of the partnership, movable and immovable, and on June 12th following, Hamilton sold and conveyed all of the property to Greene Radio Shop, a commercial copartnership composed of C.N. Greene, Emmett E. Greene and Clarence E. Greene, all residents of Natchitoches, Louisiana.
The account sued on consists of charges for sales of merchandise made on February 18th, March 12th and 13th, 1946, all of which dates are subsequent to the dissolution of the partnership of Hamilton and Horn Motor Company that was effected by the sale to Hamilton by Horn, mentioned above. However, the merchandise was charged to the former partnership, evidently through plaintiff's ignorance of the change in the affairs of this business.
Horn, following sale by him to Hamilton, severed his connection with the partnership business and was unemployed for some two months. Thereafter, on his own account, he leased from Hamilton, by the month, the tools, equipment, etc. in the garage and conducted therein an automobile repair business. This business he continued for some months after Hamilton sold to the Greene Radio Shop, as its lessee.
Although the partnership of Hamilton and Horn Motor Company had been dissolved for several months, in the manner above related, this fact was ignored by plaintiff in bringing the present suit, and the partnership was proceeded against as though no dissolution had occurred. Citation directed to the former partnership was served upon Horn.
It is not denied that no attempt was made by the parties to comply with the provisions of the mentioned Bulk Sales Law.
Hamilton, soon after the sale by him to the Greene Radio Shop, left Natchitoches, and made no appearance in the case. As to him, issue was joined by default. All other defendants answered the suit and denied liability to any extent on the account.
At the conclusion of trial, exceptions of no cause and no right of action were filed on behalf of all defendants, except Hamilton. The exceptions were sustained as to *Page 274 
the Greene Radio Shop and its members, and the suit against them was dismissed; but they were overruled as to Horn. However, on the merits, the court rejected the demand against Horn. This action was based upon the conclusion that as the partnership between Hamilton and Horn had been dissolved prior to time any part of the account sued on came into existence, Hamilton alone was primarily responsible therefor. Judgment was rendered against him. Plaintiff appealed.
The court based its ruling on the exceptions tendered by the radio shop and its members upon the case of Manchester Silver Company v. Clara Jewelry Company, Inc., 19 La. App. 367, 138 So. 467. In that case it was held that: "Transferor's creditor could not sue transferee not complying with bulk sales statute for personal judgment. (Act No. 270 of 1926)."
But, to the contrary, is the court's holding in B. Rosenberg and Sons, Inc., v. Waguespack, 167 La. 451, 119 So. 423, wherein Act No. 114 of 1912, which amended Act No. 94 of 1896, as amended by Act No. 166 of 1894, the Bulk Sales Law then in effect, was construed. However, the conclusions we have reached on the merits of the case make it unnecessary to say whether the court's ruling on this phase of the case was or was not correct.
[1] Plaintiff did not prove the correctness of the account on which it sued, regardless of who is responsible for its payment. The invoices describing the articles in each sale and the charges therefor, were offered in evidence, but on objection by defendant's counsel, were ruled out, except as to Horn. When the court made this ruling it was under the impression that Horn had pleaded payment of the account, but at the conclusion of the trial it entertained a different view of the matter.
The ruling of the court as respects the admissibility of the account is obviously correct. The invoices constituting the account are not even supported by affidavit of their correctness by any officer or employee of plaintiff in a position to have knowledge of the facts concerning same.
Horn did not plead payment of the account. He stoutly testified that the indebtedness was created by Hamilton after he (Horn) ceased to own any interest in the business. Horn did aver that the partnership sent to the plaintiff a motor in full payment of all amounts due by it to plaintiff. This evidently refers to transactions prior to the dissolution of the partnership.
[2] It is true that on May 25, 1946, Horn paid plaintiff's counsel $10 to be applied on the account; but Horn testified that he did this only on the assurance by counsel that he would "let me keep the shop open". Counsel took the stand as a witness for plaintiff but did not deny this testimony of Horn's. Such a payment, of course, under the circumstances, had not the effect of committing Horn to liability on the account on which theretofore to no extent was he liable. To hold otherwise, we would have to say that by such payment he assumed liability for payment of the account, the debt of a third person, which, every one knows, cannot be done except by written evidence.
After the case was tried and submitted, but prior to judgment, plaintiff filed a motion to re-open on the ground that its counsel by inadvertence and oversight, as against the Greene Radio Shop and its component members, failed to introduce and have filed the documentary evidence that had been admitted as to Horn, including the account upon which sued; that if another opportunity were given this evidence would be introduced, etc. The court overruled the motion and properly so. The named documents were offered in evidence as against all defendants and the court specifically disallowed them except as to Horn, for the reason, inter alia, that "there has been no proof of the correctness of the statement". Had the documents been re-offered further on during trial, as counsel said he intended doing, of course, the same objection and the same ruling would have been made.
In passing, we feel constrained to note that in studying this record we were without any assistance whatever from defendants' counsel. No written brief was submitted by them. Regardless of this, the case has received at our hands the very best thought and consideration of which we are capable. *Page 275 
We do not believe plaintiff's rights, if any it has, as against the Greene Radio Shop and the members thereof, under the Bulk Sales Law, should be now foreclosed. The judgment we now proceed to render will preserve to plaintiff the right to proceed against this partnership and its component members under said law.
So far as concerns Hamilton, the judgment is not now before us.
For the reasons herein assigned, the judgment insofar as it rejected the demand against Horn, is affirmed.
And, for said reasons, the judgment sustaining the exceptions of no cause and no right of action is set aside, and there is now judgment dismissing the suit as against the Greene Radio Shop and the members thereof as of non-suit. Costs of appeal are taxed against the plaintiff. Responsibility for payment of all other costs shall be as fixed by the lower court.