PER CURIAM.
We will concern ourselves only with the alternative ground for a rehearing set forth in appellant’s application as all other contentions are fully covered in the original judgment. Alternatively, appellants contend that this Court erred in failing to hold that Tyree was liable for two-fifths of the debt sued on as a result of his purchase of an undivided two-fifths interest in the business from the Mitchells prior to the institution of this suit on April 1, 1947 and rely on the case of Hughes v. Waldo, 14 La.Ann. 348. This case is not applicable as there- was no Bulk Sales Statute at that *819 time and the case under consideration must be decided in the light of the Bulk Sales Law as set forth in Act No. 270 of 1926, LSA-RS 9:2961 et seq., and the established jurisprudence on the point of law.
Under the provisions of the cited act, a purchaser of an interest in partnership assets is not to be held personally responsible as a joint or solidary obligor, but is liable to all of the creditors as a receiver for the fair value of all the property transferred to him. See Manchester Silver Co. v. Clara Jewelry Co., 19 La.App. 367, 138 So. 467; Bath Co., Ltd. v. Booth-McClelland Chevrolet Co., La.App., 142 So. 353; General Tire & Rubber Company v. Bullock, 14 La.App. 522, 130 So. 136.
Rehearing denied.