No. 9918.

†SUCCESSION OF CHAS. M. PILCHER.— ON APPLICATION TO HOMOLOGATE ACCOUNT AND TABLEAU OF DISTRIBUTION.

ON MOTION TO DISMISS.

Notwithstanding the clerk's certificate is not technically sufficient, and the transcript contains neither a statement of facts, note of the evidence, bill of exceptions nor assignment of errors—the appellant having been absent from and taken no part in the trial, though, constructively, a party to the proceedings—the appeal may be likened to one brought up by a third person, resting his claim to relief upon questions of law alone. The irregularities in the mode of bringing up such appeal may be disregarded by the court when the questions relied upon as determining the right sufficiently appear from the transcript.

ON THE MERITS.

In the absence of proof to the contrary, it will be assumed that every fact essential to the validity of the judgment, was proven in the court below.

'A partnership once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it.

It is a civil person, which has peculiar rights and attributes. The partners are not the owners of partnership property.

It belongs to the ideal being, which has the control and administration thereof, to enable it to fulfill its legal duties and obligations    The partners own the *residuum*.

Partnership property—whether ordinary or commercial—is liable to creditors of the partnership in preference to those of the individual partners.

Notwithstanding the interest of the deceased member of an ordinary partnership is subjected to administration as his other property, funds realized from the sale thereof cannot be withdrawn from partnership creditors and applied to minors' claim to $1000.

APPEAL from the Eighth District Court, parish of East Carroll. *Delony*, J.

---

W. G. *Wyly*, for the Appellant.

J. M. *Kennedy*, for the Administrator, Appellee.

The opinion of the Court was delivered by WATKINS, J.

## ON MOTION TO DISMISS.

1st. That the clerk's certificate is insufficient because it does not recite that the transcript contains "all the evidence adduced on the trial."

2d. The transcript is incomplete because it contains no note of evidence, no statement of the facts proven on the trial, and no bill of exceptions, nor assignment of errors filed in this Court.

An examination of the record discloses that the appellant was only, constructively, a party to the record by newspaper publication of notice, and that he did not actually participate in the trial of the account and tableau of distribution.

Hence his appeal is to be viewed rather in the light of one taken by a third party resting his pretensions to relief upon the face of the papers, the correctness of which he concedes *in point of fact, but the legality* of which he puts at issue.

"Although a case, the transcript of which comes up without the evidence or any statement of facts, cannot be examined on the merits the court will *consider and decide the questions of law* presented by bills of exception." 7 La. 173; 12 La. 415; 12 Ann. 332.

Under this view of the case, we have chosen to disregard the technical insufficiency of the certificate suggested—a fault not attributable to the appellant—and proceed to the examination of the case.

Motion to dismiss overruled.

---

## ON THE MERITS.

The *principal* contention of the appellant is that the $1000 allowed the minor child of the deceased, who was at his death, in August, 1885, left in necessitous circumstances, is largely, if not entirely, taken from the proceeds of the sale of the interest of the deceased in the planting partnership of Embry & Pilcher, of which he was a creditor for a large sum, with privilege and right of pledge upon the assets thereof.

It is shown, as well as conceded, that in any event the succession of the deceased is insolvent for a large amount.

His argument, predicated upon these facts, is that the judgment of homologation is erroneous in allowing the $1000, thus withdrawn from a fund that should be *exclusively* applied to the debts of the *partnership*, and only the surplus applied to debts of the *deceased*. He insists that from the total proceeds of Pilcher's half of the partnership crop and movables, $7,287.11, he should be paid by *preference* over all other.

creditors his *rent claim, mule hire* and *plantation supplies,* $6,222.53, bearing the lessor's privilege and supply lien.

Deducting his privileged claims "from the total process of Pilcher's half of the crop and movables, there remains a balance of $1.064.58," which appellant insists the court should have applied to the settlement of Pilcher's half of the *ordinary* debts due by the planting partnership of Embry & Pilcher.

The appellant further complains that *no* tutor had been appointed to represent the minor, and that the act of the administrator in making the allowance in favor of the unrepresented minor was a purely *gratuitous* one, and was only resorted to in order to diminish the amount he would recover. In support of this theory he cites R. C. C. 3252, which is to the general effect that " the widow or *legal representative* of the children shall be *entitled to demand and* receive from the succession of the deceased husband or father * * $1000, etc.

I.

Considering the latter proposition first, it is sufficient to say that we undertook the examination of this case upon the theory that the appeal *only presented questions of law,* and that the *facts* set out in the account and tableau contested appeared to be conceded.

We must presume in such case that the judge *a quo* had before him sufficient evidence to justify the judgment rendered. This has become a familiar rule of construction. 26 Ann. 734, 148; 24 Ann. 20; 23 Ann. 504; 22 Ann. 118.

In the absence of proof to the contrary, we cannot assume that any fact essential to the validity of the judgment was wanting on the trial in the lower court.

In Nugent vs. Stark, 34 Ann. 631, this Court said: " It is no fault of the appellee that the record does not contain the evidence which the judge says was heard."

"She was not bound to have it taken in writing. The appellant, under the law and the jurisprudence, should have secured a statement of facts before appealing."

II.

In support of his theory that *partnership funds* cannot be applied to the claim of the necessitous minor, and the commissions of the administrator, because they are, by law, consecrated to the payment of the debts of the partnership, which is insolvent, he cites Succession of Stauffer, 21 Ann. 520.

In that case the claim for $1000, set up in favor of the necessitous widow and minor, was denied under very like circumstances to those

presented here. Its allowance was opposed by the creditors of the partnership of Stauffer & Co., of which the deceased had been a member; and the opposition was sustained on the ground that the property of the partnership does not belong to either of the partners separately, but remains common stock, and a pledge for the payment of the debts of the firm, in preference to any claim against the individual partners.

In *Smith* vs. *McMicken*, 3 Ann. 322, the Court said : "The partnership once formed, and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil *person*, which has its peculiar rights and attributes. \* \* \* \* Hence, therefore, the *partners are not the owners of the partnership property*. The ideal being thus recognized by a fiction of law is the owner ; it has the right *to ˙ control and administer the property*, to *enable it to fulfill its* legal duties and obligations ; and the respective parties, who associated themselves for the purposes of participating in the profits which may accrue, *are not owners of the property itself*, but of *the residuum* which may be left from the entire partnership property, after the obligation of the partnership are discharged." 33 Ann. 1128, City vs. Ganthreaux.

In the *Succession of Cason*, 33 Ann. 790, this Court, having under consideration the claim of the widow of the deceased for a similar allowance of $1000, maintained the *principle* announced in Succession of Stauffer, citing it.

It is true that the Court, in that case, allowed the claim against mortgage creditors of the community ; but the decree rested upon the theory that "the community of property created by marriage, is not a partnership." R. C. C. 2807.

It does not matter that effects under consideration were those of an ordinary partnership, and that the one-half interest therein of the deceased, *passed under administration* for settlement. R. C. C. 1144, 872.

R. C. C. 2823 provides : "The partnership of property is liable to the creditors of the partnership *in preference to those of the individual partner ;* but the share of any partner may, in due course of law, be seized and sold to satisfy his *individual* creditors, *subject to the debts of the partnership*."..

This article would seem to be in conflict with the provisions of R. C. C. 3276, which is as follows, viz :

"The charges against a *succession*, such as funeral charges, law charges, lawyer's fees for settling the succession, the thousand dollars secured in certain cases to the widow, and minor heirs of the deceased and all claims *against the succession, originating* after the death of the

person whose succession is under administration, are to be paid before the *debts contracted by the deceased person*," etc.

The seeming conflict between the two articles grows out of the idea that partnership debts are the debts of the deceased.

The partnership is a "moral being, distinct from the persons who compose it," *not alone* as regards the *ownership* of the partnership property, but as regards the creation of, and liability for the partnership debts.

Hence money cannot be withdrawn from the funds of an ordinary partnership for the purpose of satisfying the claims of the necessitous minor.

The administrator of the succession of Pilcher was entitled to the *custody* of them for the sole purpose of disbursing them according to law.

It is therefore ordered, adjudged and decreed that the account filed by the administrator be amended, and the claim and demand of $1000 in behalf of the minor be rejected and disallowed; and it is further ordered, adjudged and decreed that the account in all other respects be approved and homologated at appellee's cost.

Judgment amended.

Mr. Justice Todd dissents and reserves the right to file his opinion hereafter.