No. 2278

Second Circuit

---

TUCK v. ATKINS, ET AL.

---

(February 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 76.**

Where parties enter into a joint business enterprise, whereby one is to furnish money and the other personal services, the net profits to be divided equally between them, wages will not be allowed to the party furnishing his services nor interest to the party furnishing the money, in the absence of an agreement to that effect.

2. **Louisiana      Digest—Partnership—Par. 145, 176.**

Where two parties engage in a joint business enterprise, either may sue for a final settlement between them on the termination of the enterprise.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by T. P. Tuck against J. W. Atkins and Herbert Atkins.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellee.

Clifton, F. Davis, of Shreveport, attorney for defendants, appellants.

## STATEMENT OF THE CASE

REYNOLDS, J.   Plaintiff sued defendants to recover of them in solido the sum of $1200.00 with legal interest from judicial demand as his share of alleged net profits of a joint business enterprise entered into by him with them.

He alleged that defendants were to provide the ground and the money necessary for paying the cost of erecting two dwelling houses thereon, the land being valued at $4275.00, and that he was to superintend the work; that when completed the houses were to be sold and he was to receive one-half of the net profits, provided such profits on each house exceeded $1200.00, and if they did not then, that defendants were to receive $600.00 of the net profit on the sale of each house and plaintiff the remainder; that the cost of the two houses did not exceed $9325.00; that one of them was sold for $8500.00 and the other for $7500.00; and that there was a net profit on both houses of not less than $2400.00.

Defendants denied that the enterprise yielded a profit and alleged that, on the contrary, it resulted in a net loss of $135.00.

They further allege that the ground was put into the enterprise at the value of $4500.00; that the price for which the houses were sold was paid partly in promissory notes; that by agreement between defendants and plaintiff these notes were sold at a discount of $1020.00; that the cost of labor and material used in the construction of the houses amounted to $9857.06; that a commission of $250.00 had been paid on the sale of the houses; that the money used in the enterprise was borrowed from a bank and interest amounting to $443.33 was paid for the loan; and that other items of expense, namely: revenue stamps, $20.00; fixing yard, $25.00; advertisements, $20.00, had increased the cost of the enterprise to $15,115.39, which, deducted from the sale price of the houses, left a net loss of $135.00.

On these issues the case was tried and there was judgment in favor of the plaintiff for $415.83 with legal interest thereon from May 2, 1924, until paid, and defendants appealed.

## OPINION

The District Judge filed a written opinion in the case, which we copy:

"Defendants were the owners of certain lots in the Gladstone subdivision of the city of Shreveport having a frontage of 90 feet. Plaintiff, a practical builder, desired to build two houses on this property, dividing same into lots of 45 feet each. He went to see J. W. Atkins, father of Herbert, some time in September, 1922, several times in regard to the proposition, finally going to his house and submitting a written signed proposition, filed in evidence, and marked P-1. This was rejected by J. W. Atkins, who told Tuck to redraft the contract. This was done in the form of contract filed in evidence and marked P-2. A copy of this was mailed to the office but was not seen by J. W. Atkins until after one house was completed and the other about finished. It seems that after the first contract was submitted the wife of J. W. Atkins became seriously ill, succumbing shortly afterward. That J. W. Atkins did not keep up with affairs at the office. He left Shreveport October 17 and was gone about two months.

"Herbert Atkins testifies that the second contract was brought to him after his father had gone away. He admits that he received the contract, told Tuck he would give it to his father. He admits that he is a joint owner of the property and was acting as the agent of his father. His father does not question his authority. He states in a vague way what his understanding of the contract was, but does not state clearly what was agreed to between him and Tuck. We are of the opinion that Tuck was led to believe that he was operating under the terms of the agreement that had been submitted even if same was never signed. It was never returned or repudiated. We think that defendants cannot now question its terms.

"According to it, the houses were to be built and sold. Out of the price was first to be taken the sum of $4275.00, the value of the lots, then the total cost of the construction of the houses. Defendants then take out the sum of $600.00 additional on each house for their compensation for furnishing the finances to build said houses, and the handling of such notes as may be handled by him in the sale of the house. Any remainder to go to plaintiff as his compensation.

"Taking this as the agreement between the parties, rejects defendants' claim for interest on money borrowed and loss on discount of notes.

"It seems that there were sidewalks down at the time of the agreement. As there is a conflict in testimony between Tuck and Herbert Atkins as to whether or not they should be charged as part of the cost, and the burden of proof is on Tuck. We think they should go as cost, the contract being silent on that subject.

"The answer gives the total cost as $9857.06, while the account attached shows $9857.61 We think the itemized account is correct. We then figure the matter as follows:

"Cost of buildings.............................$ 9,857.61
"Additions ........................................ 75.00

                                                                        $ 9,932.61
"Less salvage ................................. 138.44

                                                                        $ 9,794.17
"Price of lots ................................. 4,275.00
"Revenue stamps ........................... 20.00
"Fixing yard ................................... 25.00
"Advertising ................................... 20.00

                                                                        $14,134.17

"Sale price ....................................$16,000.00
"Commission ................................. 250.00

                                                                        $15,750.00
                                                                        14,134.17

"Profit ...........................................$ 1,615.83
"Atkins ........................................... 1,200.00

"Tuck ............................................$  415.83

"There is accordingly judgment for the plaintiff in the sum of $415.83 with legal interest from judicial demand and all costs of this suit."

We have carefully read the record and are of the opinion that the judgment of the trial court is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.