On Rehearing.
LOTTINGER, Judge.
This is a compensation proceeding in which we previously, on January 26, 1953, rendered judgment affirming the judgment of the lower court insofar as it granted to the plaintiff compensation' for 400 weeks less a credit for payments previously paid, but amended same so as to allow defendant a credit for $1,200. The basis for our allowing the credit of $1,200, was the fact that subsequent to the injury, the plaintiff purchased his employer’s business without complying with the Bulk Sales Act, LSA-R.S. 9:2961 et seq. This, we felt, made the plaintiff a receiver of goods under our Bulk Sales Act which made him liable to the vendor’s creditors' for the price thereof, i. e. $1,200. We further reasoned that upon thus becoming liable for the purchase price, the qualities of debtor and creditor became combined and that confusion under LSA-C.C. art. 2217 took place as to that amount. An application for a rehearing has been applied for by both parties. We have granted the plaintiff’s application restricting it to the applicability of the Bulk Sales Act.
 A careful review of our reasoning in our original opinion has convinced us that we were in error in applying to this case the provisions of the Bulk Sales Act. The whole tenor of that statute shows it to be intended for the benefit of creditors of the vendor and not for the benefit of the vendor himself. Indeed, a reading of the act shows that the right of action to make the purchaser account for goods received is personal to the creditors and that neither the exercise of that right nor the failure to exercise it inures to the benefit of the vendor, whose obligations remain fixed. If the creditor chooses to proceed only against the vendor he has a perfect right to do so and he cannot be relegated to merely an action against the purchaser. It appears that the right to proceed against the purchaser is merely an additional and personal remedy granted to creditors who are in a position to waive those additional rights accorded them by the statute. The rule is stated in 37 C.J.S., Fraudulent Conveyances, § 478, p. 1328, as follows:
“A bulk sales law is for the benefit of the creditor only, who may or may not, as he chooses, elect to claim the benefit thereof.”
 Further, it appears to us that a purchaser becomes liable for the fair value of the property received, not as a matter of *883 law, but only after suit has been instituted. LSA-R.S. 9:2963 specifically provides that the purchaser becomes liable as a receiver “at the suit of any creditor”. Here, of course, no such suit was instituted and we think it only fair to state that even if the plaintiff is a creditor within the meaning of the statute he is one who has no desire to invoke its provisions which in this case would only bring about a result detrimental to him.
Counsel for defendant has cited the case of Brinson v. Monroe Automobile and Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206, wherein our Supreme Court held that a plaintiff who had judgment for compensation payments was a “creditor” within the Bulk Sales Act and the transferee was liable for the value of property received where the provisions of the Bulk Sales Act had not 'been complied with. We have no quarrel with the reasoning employed in that case but do not find it to be applicable here. In the Brinson Case the plaintiff chose to invoke the provisions of the act and the court merely recognized his right to do so. Here, the plaintiff has not elected to invoke the provisions of the act and we feel that under the law he is not forced to do so.
In brief we are of the opinion that the Bulk Sales Act is intended for the benefit of a creditor, who is free to invoke or not to invoke its provisions as he sees fit. For us to apply the provisions of the act to the case at bar we would be in effect requiring a creditor to employ a statute to his detriment when the statute itself is intended for his benefit. Certainly the plaintiff here has no desire to come under the provisions of the act and we do not feel that he should be forced to. Hence, to our minds at least, while the plaintiff may remain in the position of one who could claim the benefit of the act, his vendor cannot claim the right which the act accords solely to the plaintiff in this case. Consequently, we feel that the vendor and his insurer are still liable to plaintiff for the full amount of his claim less payments already made.
The judgment appealed from is affirmed except insofar as the sum of $500 for medical expense is concerned which is disallowed; costs to be paid by defendant.
Judgment amended and as amended affirmed.