GLADNEY, Judge.
This action was brought by appellant to secure a personal judgment against a commercial partnership, the Greene Radio Shop, and its component members, charging defendants with the purchase in bulk of the business of Leo Hamilton, a business debtor of appellant, without observing the requirements of the Bulk Sales Law, LSA-R.S. 9:2961 et seq. (formerly Act 270 of 1926).
Defendants filed an exception of no right or cause of action and a plea of prescription of ninety days, and thereafter answered by way of general denial. The judge a quo overruled the exception of no cause or right of action and referred the plea of prescription to the merits. After hearing there was judgment rejecting the demands of plaintiff without mention of the plea of prescription. In this court, counsel for appellant complains the court in effect held defendants could not be held personally liable under the Bulk Sales Act but their responsibility was limited to that of a receiver for all creditors of the vendor.
This same controversy was once before considered by this court. See Andress Motor Co. v. Hamilton & Horn Motor Co. La.App.1948, 35 So.2d 272, 275. On that occasion we found plaintiff had. failed to prove the correctness of the account on which he sued and nonsuited plaintiff as *3 against the Greene Radio Shop and its members thereof, the decree stating: “The judgment we now proceed to render will preserve to plaintiff the right to proceed against this partnership and its component members under said law.” The door was thus opened to enable plaintiff to bring itself under the provisions of the Bulk Sales Law and as a result of our decree this suit has been filed.
The following facts noted in our opinion in Andress Motor Co. v. Hamilton & Horn Motor Co. have equal application here:
“The facts of the case are in the main not in serious dispute. Leroy Horn and Leo Hamilton, residents of the City of Natchitoches, Louisiana, composed the partnership of Hamilton and Horn Motor Company, that owned and operated a garage business and car sales agency in said city for some time prior to the dates of the sales of merchandise that make up the account on which this suit is based. These co-partners owned the building and lot in and on which the partnership business was conducted.
“On February 16, 1946, Horn sold and conveyed to Hamilton for $2,500 cash his interest in the entire assets of the partnership, movable and immovable, and on June 12th following, Hamilton sold and conveyed all of the property to Greene Radio Shop, a commercial copartnership composed of C. N. Greene, Emmett E. Greene and Clarence E. Greene, all residents of Natchitoches, Louisiana.
“The account sued on consists of charges for sales of merchandise made on February 18th, March 12th and 13th, 1946, all of which dates are subsequent to the dissolution of the partnership of Hamilton and Horn Motor Company that was effected by the sale to Hamilton by Horn, mentioned above. However, the merchandise was charged to the former partnership, evidently through plaintiff’s ignorance of the change in the affairs of this business.
“Horn, following sale by him to Hamilton, severed his connection with the partnership business and was unemployed for some two months. Thereafter, on his own account, he leased from Hamilton, by the month, the tools, equipment, etc. in the garage and conducted therein an automobile repair business. This business he continued for some months after Hamilton sold to the Greene Radio Shop, as ■its lessee.
“Although the partnership of Hamilton and Horn Motor Company had been dissolved for several months, in the manner above related, this fact was ignored by plaintiff in bringing the present suit; and the partnership was proceeded against as though no dissolution had occurred. Citation directed to the former partnership was served upon Horn.
“It is not denied that no attempt was made by the parties to comply with the provisions of the mentioned Bulk Sales Law.”
The entire record from the case referred to was attached as a part of plaintiff’s petition but does not appear to have been offered in evidence. However, we think the record abundantly supports the above finding of fact. It should be noted also that Leo Hamilton conveyed by notarial act to the defendant partnership and its members for the sum of $2,500 a certain lot in the City of Natchitoches as therein described, together with “all buildings and improvements, tools and equipment located on this property or belonging to said Leo Hamilton.”
Counsel for appellant argues that the only serious defense presented is whether or not the transferee of a sale in bulk made without compliance with the provisions of the Act is subject to personal statutory liability and not responsible simply as a receiver for the creditors of his vendor. It is argued that such a personal judgment is recognized by the decision in Goldberg v. Martin, App.1943, 203 La. 70, 13 So.2d 465, 466. We are of the opinion, however, that *4 the cited case does not bear out the contentions of counsel. In the cited case the decision of the trial court was affirmed after the appellate court amended it to substitute certain parties plaintiffs. The district court “decreed that the act of sale from Braud to Martin is null, not having been passed in conformity to the Bulk Sales Law, and that Martin is liable as receiver for the value of the property ($12,000) transferred by the act. * * *" (Emphasis supplied.) The judgment thus rendered in Goldberg v. Martin by the Supreme Court was not an unrestricted personal judgment against Martin, the transferee. The cited opinion refers with approval to Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206; Rapides Packing Co. v. Olla State Bank, 17 La.App. 267, 135 So. 772; M. L. Bath Co. v. Booth McLelland Chevrolet Co., La.App., 142 So. 353. Justice Rogers as the author of the opinion in Goldberg v. Martin declared: “Those cases have not been overruled. They are declaratory of the law as it stands today.”
In Brinson v. Monroe Automobile & Supply Co., supra, the exact question raised herein was presented, namely, whether a personal judgment may be rendered against the transferee as a purchaser not having complied with the Bulk Sales Law. We quote [180 La. 1064, 158 So. 562]:
“Counsel for defendants also direct our attention to the fact that a personal judgment has been rendered in favor of plaintiff against Monroe Automobile & Supply Company, Inc., the transferee.
“The liability of defendant corporation, as a purchaser under the Bulk Sales Law is that of a receiver only, for the fair value of the property transferred to it for the benefit of creditors, and not personally for the amount of the debts of the transferor or vendor.”
In conformity with this pronouncement the court then proceeded to amend the judgment appealed from “so as to make said judgment payable out of the sum of $200,-000.00, the fair value of the assets fixed in said judgment and transferred to defendant corporation, in excess of the aggregate amount due to all creditors of the Monroe Automobile & Supply Company at the time of said transfer in bulk.”
In the instant case we think the exception should have been sustained as defendant’s liability is only that of a receiver. The record is silent as to what sum was paid for the movables included in the sale by Hamilton. The real estate listed in the act of sale was not valued separately from the movable or personal property. The record thus can afford no basis for determining the responsibility of defendants as a receiver. Furthermore, the petition alleges: “that a suit against the Greene Radio Shop as receivers of the property would be totally ineffective, same being real estate and same being mortgaged and the rights fixed in accordance with recorded transactions.” The prayer of said petition is for a personal judgment in the sum of $110.30, with interest against the partnership and its members.
The trial court failed to pass upon the plea of prescription of ninety days and as defendants have not filed a brief herein this plea has not been urged before this court. However, the prescription is apparently founded on the last sentence of LSA-R.S. 9:2963, which states: “No proceeding shall be brought against the transferor to invalidate any such transfer after the expiration of ninety days from the consummation thereof.” (Emphasis supplied.) The plea, therefore, is available only against the transferor and can have no application to defendants herein.
For the foregoing reasons we are of the opinion a personal judgment cannot be rendered against the defendants. Finding no error in the judgment from which appealed, it is affirmed at appellant’s cost.