CULPEPPER, Judge.
On September 22, 1952, the plaintiff, John Esten Quarles, filed two suits against William Louis Albritton. One of these suits was assigned Number 43,102 and the other, Number 43,103 on the docket of the Nineteenth Judicial District Court. Suit No. 43,102 alleged that on or about September 20, 1952, the plaintiff and the defendant, together with a third person named Gilbert Munson, entered into an informal partnership agreement for the construction of new houses in a subdivision of the Parish of East Baton Rouge known as Shady Grove. Under the terms of this partnership agreement, the defendant, Albritton, was to provide the building sites, money and accounting necessary for the project, Mr. Munson was to draw the plans for the project, and the petitioner was to build the houses. The division of profits from the sale of houses was to be 45% to Al-britton, 13%% to Munson, and 41%% to *176 petitioner. The petitioner alleges further that five houses were built and sold in Shady Grove and that the net profits amounted to $3,540.83, of which petitioner’s 4124% interest would be $1,478.30, which amount is presently due and owing by the defendant, Albritton, to petitioner. This petition prays for service on William Louis Albritton only and asks for judgment in favor of the petitioner and against Albritton in the sum of $1,478.30.
The allegations and the prayer of plaintiff’s petition in Civil Suit No. 43,103 are the same as those in Suit No. 43,102 except the partnership is alleged to have been formed for the construction of houses in Belfort Subdivision, where five houses have been built, but only two have been sold and the remaining three houses are being rented by defendant, Albritton. In the original petition in No. 43,103 also, William Louis Albritton was the only named defendant against whom judgment was sought ordering an accounting, and further for judgment against Albritton in the amount determined by the said accounting.
In October, 1952, the defendant, Albrit-ton, filed in both suits an exception to the citation and service, an exception of non-joinder of necessary and proper parties defendant and an exception of prematurity. After these exceptions were filed, the plaintiff filed a supplemental and amending petition in each suit naming Gilbert Mun-son, the third partner, as an additional defendant, and praying for judgment against the defendants, William Louis Albritton and Gilbert Munson, “ordering and decreeing a dissolution of the partnership existing between them and further granting judgment in favor of petitioner and against the defendants, jointly and in solido, in the amount determined by said accounting of the partnership.”
Then, on December 2, 1957, the defendant Albritton, filed in both suits an exception to the citation on the grounds that no citation was prayed for upon the partnership although the pleadings pray for a dissolution of the partnership, and, also, an exception of nonjoinder of a necessary party defendant on the grounds that the plaintiff prayed for the dissolution of a partnership, but no partnership is cited or served or made a party to these proceedings.
Following this, the defendant, Gilbert Munson, filed an answer in which he generally admitted all of the allegations of the plaintiff’s original and supplemental petitions and prayed that there be a dissolution and accounting of the said partnership and that he be paid any amount due as a result of said accounting.
In due course the exceptions filed by the defendant, Albritton, were argued and submitted to the Court and judgment was rendered on March 4, 1958 sustaining Albrit-ton’s exception of nonjoinder and dismissing plaintiff’s suit at his costs. Judgments of dismissal were signed in each case and from these judgments, plaintiff has appealed devolutively to this Court.
In a brief written opinion, the lower court stated that “the exception of nonjoinder must be sustained and these suits dismissed inasmuch as the partnership has not been made a party to the suit.” Our brother below cited as authority for his decision the case of Jeffries v. Moore, 219 La. 692, 53 So.2d 898, 900, which was suit for the dissolution, liquidation and settlement of a partnership coupled with individual demands by the partners for personal judgments against each other for indebtedness growing out of the partnership relation. The partnership itself, as well as all the individual members thereof were parties to the proceedings. In the lower court nothing whatever was done with regard to the dissolution, liquidation and settlement of a partnership and the partners proceeded to trial of their individual disputes as though the partnership was not existing. In reversing the lower court, our Supreme Court said:
*177 “Obviously, then, it was improper to consider the individual demands of plaintiff and Moore in advance of a settlement of the partnership affairs. The reason for this is stated in Quintero v. Caffery, 160 La. 1054, 108 So. 87, 99, to be that ‘Partners, inter sese, are not liable as they would be to the third persons, each for his share of the debt, but each partner is liable to the firm for what he has over drawn, and the firm is liable to the other partner or partners for the balance due him or them.
“Hence, plaintiff is not indebted to Moore or vice versa. Either one or the other may be ultimately found to be debtors or creditors of Frierson Lumber Company, as the case may be. But that cannot be ascertained until there has been a full liquidation of the affairs of the partnership. It appears from the record that Frierson Lumber Company owns a mill and other assets which must first be disposed of and the liabilities of the partnership paid before the accounts of the partners are finally settled. * * *
“In the case at bar, both parties, according to their pleadings, seek an orderly liquidation and settlement of Frierson Lumber Company. Since this has not been accomplished, the judgment herein rendered in plaintiff’s favor against the partnership and Moore is premature and, as in Amacker v. Kent [144 La. 545, 80 So. 717], it must be set aside and the case remanded for the complete liquidation of the partnership and the ascertainment of any balances which may be due by the partnership to plaintiff and Moore. After this is done, the question of the liability of the partners to each other can be determined.”
Counsel for the plaintiff argues in his brief to this Court that “Jeffries v. Moore” is not authority for the proposition that the partnership itself must be made a party to a suit for its dissolution and settlement. He contends that the cited case merely holds that one partner cannot enforce any claim against another partner until there has been a dissolution of the partnership, which concerns the issue of prematurity and has nothing to do with nonjoinder. Counsel for the plaintiff contends that in the present case it will suffice that all the partners have been made parties and that “it would be a vain and useless thing to require the partnership itself to be cited because all the partners are present anyway”.
As authority for his contention that in a suit to dissolve and settle a partnership, only the partners themselves are necessary parties, counsel for the plaintiff cited several cases, all of which are readily distinguishable from the present case. In Millaudon v. Sylvestre & Son, 8 La. 262, decided in 1835, the partnership itself was named and cited as a party defendant and this case simply holds that a partner may sue for the dissolution and settlement of the partnership concerned and recover whatever sums may be found due to him on such settlement, at the same time and in the same suit. In the case of Tuck v. Atkins, 6 La.App. 110, decided by the Second Circuit Court of Appeal in 1927, there is no mention of partnership and the Court considered the matter to be simply a contract under which plaintiff built two houses on defendant’s property. The Court held that after the two houses were completed and sold the plaintiff had a right to sue on his contract for a final settlement. This case did not involve the laws of partnership. The next case cited by plaintiff is Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45, in which one partner sought judgment against another for part of the net losses arising out of partnership transactions. The Court held that a partnership did exist and as to those portions of plaintiff’s claim which related to the partnership transactions, the Court clearly held that one partner cannot stand in judgment against the other until there has been a final dissolution and *178 settlement of partnership affairs. However, a portion of plaintiff’s claim was for an indebtedness incurring independently of the partnership operations and plaintiff was allowed to recover for this item. Plaintiff also cites the case of Francis v. Levine, 21 La.Ann. 265, which was a suit for settlement of a partnership and partition of the partnership property. The case was dismissed because all of the partners were not cited.
From the above discussion of the cases cited by plaintiff, we see that in none of them was the issue raised as to whether the partnership itself is a necessary party to a suit for its dissolution and settlement. Furthermore, none of these cases even in dicta states that such is the law.
On the other hand, counsel for the defendant has, of course, cited the case of Jeffries v. Moore, supra, which was the basis of the decision of the lower court and from which we have quoted at length above. Defendant also cites LaBat v. LaBat, 232 La. 627, 95 So.2d 129; Quintero v. Caffery, 160 La. 1054, 108 So. 87; and Martin v. Seabaugh, 128 La. 442, 54 So. 935, all of which are authority for the well-established principle of law that a partner has no cause of action against his partner for any definite sum as representing his share of the profits of the partnership, but can only sue for a dissolution and settlement of the partnership. It is our opinion that the orderly liquidation and settlement of a partnership requires that the partnership itself, in addition to the members thereof be made a party to the proceedings.
The Courts of Louisiana have consistently, in many varied types of cases, held strongly to the civil law concept that a partnership is a separate legal entity entirely distinct from its individual members. In the recent case of Trappey v. Lumbermen’s Mutual Casualty Company, 229 La. 632, 86 So.2d 515, 516, our Supreme Court said:
“Under our civil law system, unlike that of the common law, a partnership is an abstract ideal being with legal relations separate and distinct from those of its individual members; as was very aptly said by this Court more than a century ago, ‘The partnership once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person, which has its peculiar rights and attributes. “Une personne Active et morale séparée des associés. Fictae Cujusdam personae vicem obtinet.” * * * ;’ and, as pointed out in the opinion, ‘ * * * the partners are not the owners of the partnership property. The ideal being thus recognized by a fiction of law, is the owner; it has a right to control and administer the property, to enable it to fulfil its legal duties and obligations ; and the respective parties, who associated themselves for the purpose of participating in the profits which may accrue, are not the owners of the property itself, but of the residuum which may be left from the entire partnership property, after the obligations of the partnership are discharged.’ Smith v. McMicken, 3 La.Ann. 319, at pages 321-322; see, also, Christen v. Ruhlman, 22 La.Ann. 570, 579; Paradise v. Gerson, 32 La.Ann. 532; Stothart v. William T. Hardie & Co., 110 La. 696, 34 So. 740; E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898; Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206; Atkinson & Co. v. Hibernia Nat. Bank in New Orleans, 186 La. 1074, 173 So. 768. The partnership may be sued without making the individual members thereof parties defendant. Brinson v. Monroe Automobile & Supply Co., supra; E. B. Hayes Machinery Co. v. Eastham, supra. It goes without saying that the wages due to the employees of a partnership are due and payable regardless *179 of whether the partnership operates at a profit or a loss; and while commercial partners are bound in solido for the debts of the partnership, Article 2872, LSA-Civil Code of Louisiana, that liability does not become enforceable until the partnership has been dissolved. As pointed out in the case of E. B. Hayes Machinery Co. v. Eastham, supra, ‘ * * * that liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved’; or, as otherwise stated in the opinion, ‘Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner’. It is only ‘ * * * when the partnership has been dissolved, (in which case) it ceases to exist as a separate entity, and the liability of the partners becomes fixed.’ 147 La. at pages 352, 354, 84 So. at page 900.”
 In the present case, the partnership continues to exist as a separate legal entity until it has been dissolved in some manner under the laws of this State. At the present time, this partnership is still in existence and it is a necessary party to a suit for its dissolution, liquidation and settlement because, as the Court pointed out in the case of Jeffries v. Moore, supra, in the liquidation and settlement of a partnership, partners are not liable to each other, but each partner is liable to the firm for what he has overdrawn, and the firm is liable to the other partner, or partners, for the balance due under the settlement.
The defendant, Albritton, has in this Court filed an answer to the appeal alleging that the lower court did not rule on the exception to the citation, exception of no right of action, exception of prematurity, or the motion to strike the supplemental petition. Albritton reurges these exceptions in this court, but in view of our ruling on the exception of nonjoinder, it is unnecessary to pass on the other exceptions.
For the reasons hereinabove set forth, the judgment of the lower court in both Civil Suits No. 43,102 and No. 43,103 sustaining the exception of nonjoinder of a necessary party defendant is affirmed and plaintiff’s suits are dismissed at his cost.