135 So.2d 555 (1961)
Reuben P. MILLER, Plaintiff-Appellee,
v.
Searcy F. BARNES, Defendant-Appellant.
No. 9621.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
Rehearing Denied January 31, 1962.
*556 Meadors, Shaw & Meadors, Homer, for appellant.
Lowe & Benton, Campbell, Campbell & Marvin, Minden, for appellee.
Before HARDY, GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
This proceeding was instituted as an action in jactitation. Defendant is alleged to have slandered plaintiff's title to a certain-described lot or parcel of land situated in the City of Minden by claiming the ownership of an undivided one-half interest therein. Damages allegedly resulting from said slander in the sum of $2,000.00 were sought. In the alternative, and in the event defendant should be decreed the owner of an interest in the property, plaintiff sought to recover of the defendant the sum of $58,929.91 allegedly due from certain business ventures in which they had jointly engaged.
The defendant, by way of answer to plaintiff's demands, asserted the ownership of an undivided one-half interest in the property the title to which he had allegedly slandered. Defendant further sought to be decreed the owner of an undivided one-half interest in an additional lot allegedly purchased for the joint account of plaintiff and defendant, but taken in plaintiff's name. Further relief was sought by defendant through an accounting of the affairs of the enterprises in which plaintiff and defendant had previously engaged.
Plaintiff was recognized as the owner of the property defendant was alleged to have slandered and, as such, held entitled to possession thereof. Defendant's claim of ownership of an undivided interest therein was rejected. The judgment was silent as to all other demands made by both plaintiff and defendant. Hence, such demands are deemed rejected. From the judgment thus rendered and signed, defendant prosecutes a devolutive appeal.
From the nature of the pleadings, the principal demands were directed to the ownership of the realty, title to which is claimed by plaintiff and which defendant is alleged to have slandered. Title to this property is therefore the primary concern. Therefore, the proceedings, so far as relate to this demand, constitute a petitory action.
Deemed essential to a consideration of the various issues presented for resolution is a brief statement of the pertinent facts. The parcel of land forming the basis of plaintiff's demands was acquired by and in the names of both plaintiff and defendant from one K. D. Albritton by deed dated January 21, 1953. During that year, these vendees constructed on this property a tourist court, or motel, cafe, and filling station. The filling station was leased to an oil company which, in turn, subleased it to plaintiff and defendant for the purpose of operation. Under verbal agreements, plaintiff and defendant operated the entire project, the filling station, tourist court, and cafe, as a partnership. Such relationship having been created or formed for the purchase and sale of personal property, the relationship constitutes that of a commercial partnership. LSA-C.C. Art. 2825; Skillman v. Purnell, 3 La. 494; Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206. Thereafter, differences arose between the parties and contracts were entered into whereby Barnes took over the operation of the businesses with an option to purchase them. Under these agreements, dated December 28 and 29, 1953, Barnes assumed payment of the debts and agreed to pay Miller $15,000.00 for his one-half interest in the cafe, service station, and the lot, and $6,000.00 for the motel. It was further stipulated that, if Barnes did not purchase said property within 12 months, Miller then had the option to purchase Barnes' one-half interest at a price of $10,000.00 for the cafe, filling station, and lot, and to purchase the motel upon the same basis as offered to Barnes. Pursuant to these agreements, Barnes assumed management of the projects. He was, however, unable to meet the obligations assumed by him, whereupon *557 Miller assumed management of the businesses and, on May 27, 1954, provoked a receivership of the "Super Courts," a partnership formed for the operation of the tourist court, cafe, and filling station, the assets of which were described as "filling station equipment, cafe equipment, and tourist court equipment." Barnes consented to the receivership as a means of protecting the businesses from their then pressing creditors. One J. H. Nelson was appointed and qualified as receiver.
In the inventory of the assets, was listed, in addition to the furniture, fixtures, merchandise, and accounts, the real estate acquired by plaintiff and defendant in their individual names from K. D. Albritton. Under date of June 20, 1954, the receiver applied for and received permission to sell the land and the improvements situated thereon, in addition to all of the assets of the alleged partnership. Pursuant thereto the receiver purportedly sold said property and assets to plaintiff Reuben P. Miller for a price of $6,099.63 and the assumption, by the purchaser, of outstanding indebtedness as shown by deed executed August 3, 1954. It is under this deed that plaintiff claims the ownership of the lot and the improvements thereon in their entirety. The question of ownership is dependent upon the validity, vel non, of the alleged sale.
The position of the defendant is that the purported sale of the lot and the improvements thereon is null and void. This contention is predicated upon the proposition that this property did not constitute an asset of a partnership to which the receiver had been appointed, but that the property was owned by plaintiff and defendant in equal proportions and in their individual capacities.
The rule is well established that a commercial partnership cannot own immovable property. LSA-C.C. Art. 2825. A commercial partnership is exclusively confined to personal property. The rule is so strictly adhered to that, if the title to real property is taken in the name of a commercial partnership, the ownership is vested not in the partnership but in the partners in their individual capacities as joint owners thereof. Skillman v. Purnell, supra; Bernard v. Dufour, 17 La. 596; Smith v. Sinnott, 44 La.Ann. 51, 10 So. 413; Brinson v. Monroe Automobile & Supply Co., supra.
In this connection, it was pointed out in the Brinson case that none of the partners can alienate the property without the consent of the others, and that it may be seized, so far as the undivided interest of each partner is concerned, by their individual creditors.
A partnership once formed and put into action becomes, in contemplation of law, a moral being separate and distinct from the persons who compose it. It is a civil person which has peculiar rights and attributes. The partners in their individual capacities are not the owners of the partnership property. It belongs to the ideal being, which has the control and administration thereof to enable it to fulfill its legal duties and obligations. The interests of the partners therein are only residuary. Smith v. McMicken, 3 La.Ann. 319, 322; City of New Orleans v. Gauthreaux, 32 La.Ann. 1126, 1128; Succession of Pilcher, 39 La.Ann. 362, 1 So. 929; Raymond v. Palmer, 41 La.Ann. 425, 6 So. 692, 17 Am.St.Rep. 398; Sherwood v. His Creditors, 42 La.Ann. 103, 7 So. 79; LSA-C.C. Art. 2801.
But, as pointed out, the realty herein concerned was owned by plaintiff and defendant in their individual capacities and the sale of such property constituted the sale of a thing belonging to another, and, consequently, it is null and void. LSA-C.C. Art. 2452.
Plaintiff contends, in a plea of estoppel, that defendant is estopped to assert the invalidity of plaintiff's title to the realty acquired in the receivership proceedings. This contention is predicated upon a basis (1) that Barnes was a party to the receivership proceedings and joined in and consented to the request for the appointment *558 of a receiver, and (2) that, having known of the sale for a period of six years, he is guilty of laches.
As to the first of these, there is no proof in the record that defendant had knowledge before the alleged sale that the realty in which he had an interest was claimed or inventoried as an asset of the partnership formerly existing between him and plaintiffnor that he had any notice that the receiver intended to sell said property. This is pointed out as a fact, although such knowledge or notice alone would be insufficient to deprive defendant of his property.
The principle is well established in the jurisprudence of this State that title to real estate cannot be established by estoppel. Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Merritt v. Hays, 237 La. 557, 111 So.2d 771, 774. In the latter date, the court stated:
"The contention of estoppel urged by defendant is without merit. It is her contention that by her silence and inaction, the plaintiff is now estopped to make any claim to any interest in the property, since she knew that the property was assessed to Hays, he paid taxes thereon, and lived on the property. This Court has too often held that one cannot lose or acquire real estate through estoppel. Mere silence and delay cannot cause loss of title to property except by the effect of the laws of prescription. Dileo v. Dileo, 217 La. 103, 46 So.2d 53 and the cases cited therein."
Therefore, inasmuch as title to real estate cannot be lost or acquired due to silence or inaction by the owner, except under the laws of prescription, the plea of estoppel is without merit. Therefore, we are constrained to hold that the purported deed of the receiver to plaintiff, covering the aforesaid realty, is null and void, and that, as a consequence, said realty is owned by plaintiff and defendant in indivision, in equal proportions and in their individual capacities.
With reference to defendant's demand for a declaration of his ownership of an undivided one-half interest in the additional lot described as Lot 4, Block A of the Webb-Bryce Addition in the City of Minden, allegedly purchased for the account of plaintiff and defendant in the name of plaintiff, we find the evidence in the record insufficient for a determination of that issue. The same condition exists as to defendant's reconventional demands for an accounting by plaintiff as to the affairs of the business ventures in which they jointly engaged. Consequently, as to these, the demands of defendant will be dismissed as of nonsuit.
For the aforesaid reasons, the judgment appealed be, and it is hereby, annulled, avoided, reversed and set aside; and
It is now Ordered, Adjudged and Decreed that the plaintiff, Reuben P. Miller, and the defendant, Searcy F. Barnes, be, and they are hereby, recognized and decreed the owners in their individual capacities and in equal proportions of the following-described property, to-wit:
Lot A of property of Edward D. Brown, located in NE¼ of NW¼ of Section 27, Township 19 north, Range 9 west, in the City of Minden, Webster Parish, Louisiana, as shown by map and plat on file and of record in Vol. 2, p. 58 of Map Records in the office of the Clerk of Court, Webster Parish, Louisiana, described as follows:
Begin at an iron pin located at a point where the east side of Pennsylvania Avenue intersects the north edge of the present concrete slab of U. S. Highway 80, said iron pin being 11.7 feet south, 56 degrees 35 minutes west from a concrete monument set on east line of said Pennsylvania Avenue; from the point aforementioned, run south 48 degrees 50 minutes east 380.8 feet along the north edge of the concrete slab of U. S. Highway 80 to a point, which is the point of beginning of said Lot A; from this point of beginning, run north 41 degrees 10 minutes east 161 feet to second corner which is marked by iron pin on the south edge of an alley; thence run south 69 degrees *559 29 minutes east along the southern side of alley a distance of 139.9 feet to third corner which is likewise marked by iron pin set on the south side of aforementioned alley, thence south 0 degree 8 minutes east 161 feet to fourth corner, which corner is on the north edge of the concrete slab of U. S. Highway 80, thence run south 89 degrees 52 minutes west along the edge of concrete slab of U. S. Highway 80 a distance of 135 feet, thence north 48 degrees 50 minutes west along north edge of concrete slab of U. S. Highway 80 a distance of 135 feet to the point of beginning, and, as such they are entitled to the full and undisturbed possession thereof.
It is further Ordered, Adjudged and Decreed that defendant's claim to the ownership of an undivided interest in and to Lot 4, Block A of the Webb-Bryce Addition in the City of Minden, and defendant's demands on the plaintiff for an accounting of the affairs of the business ventures jointly engaged in by them be, and the same are hereby, rejected and dismissed as of nonsuit.
It is further Ordered, Adjudged and Decreed that the costs be, and they are hereby, assessed against both plaintiff and defendant in equal proportions.
Reversed and rendered.
BOLIN, J., takes no part.

On Motion for Rehearing
PER CURIAM.
Plaintiff, in a motion for a rehearing, complains that our decree did not award him damages on his alternative demands, nor our opinion make it clear that said alternative demands were dismissed as of nonsuit so as to permit him to establish such demands in a subsequent action or in an accounting between him and defendant of the affairs and businesses in which they had jointly engaged. Clarification of the opinion and decree should be made in order that the intention and purpose intended be clearly expressed.
Whether correctly or not, the court considered that plaintiff's alternative demands were a part and parcel of the matters and obligations to be determined and settled in an accounting. It was the intention of the court to reserve to plaintiff all his rights under his alternative demands. Accordingly, our original decree is clarified and amended with the following addition to the decree:
It is further Ordered, Adjudged and Decreed that plaintiff's alternative demands, as set forth in the pleadings in this cause, be, and they are hereby, dismissed as of nonsuit, with full reservation of plaintiff's right to reurge them in a separate action or in an action to account.
The motion for a rehearing is therefore denied.